## JAMES BAKER vs. LEVI JOHNSON.

Sussex County, June Term, 1896.

**Case. Waste.**—An action for waste will not lie at suit of one who purchased land at Sheriff's sale against a defendant in possession, after the sale and before confirmation.

This was an action for waste. At the trial it appeared that the plaintiff had purchased the farm owned by the defendant and upon which he lived, at Sheriff's sale, and that before confirmation of the sale by the Court, the defendant had cut down a

number of peach and apple trees. This action of waste was brought to recover the value of the trees cut.

*R. C. White*, for the defendant, moved for a nonsuit upon the ground that the evidence did not disclose such a relation between the parties as to enable the plaintiff to recover in this form of action. At common law the relation of landlord and tenant must exist before an action of waste could be brought, and under the statutes of this State, no one can commit waste except a tenant in dower, a tenant by curtesy or a tenant for years. There was here no such relation existing at the time of the cutting of the trees complained of; but the defendant was then a tenant by sufferance, against whom no action for waste would lie at common law.

*Woodburn Martin*, for the plaintiff.

MARVEL, J., delivered the opinion of the Court.

We are of the opinion that a nonsuit should be granted in this case.

The plaintiff has failed to sustain the allegations in his *narr;* and the evidence has shown that there is not such privity between the parties to this cause that there can be a recovery in this form of action.

It is alleged in the *narr* that the defendant was a tenant. That has not been sustained by the evidence adduced on the part of the plaintiff; on the other hand, it appears that the plaintiff was at the time of the commission of this act of cutting the trees, the equitable owner of the land. Under the decisions in this State, the title of the purchaser at a Sheriff's sale begins on the day of purchase. He then has an equitable title, his legal title not being complete until the confirmation, and the delivery of the deed by the Sheriff. The defendant was not the legal owner of the land, and there was no such privity between the parties, plaintiff and defendant, as that the plaintiff could recover in this action; because the plaintiff simply possessed the equitable title and could not recover under the statute. Rev. Code, 665.

As such privity does not exist between the parties as will enable the plaintiff to recover in this form of action, *let a nonsuit be entered.*